UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELENA FUNEZ, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-12-2932 |
| | § | |
| T.Q.ELY, INC. and FRANCIS QUI MINH LY, | § | |
| | § | |
| *Defendants*. | § | |

**DEFAULT JUDGMENT ORDER**

Pending before the court is plaintiff's motion for default judgment. Dkt. 13. After reviewing the motion, evidence, and applicable law, the court is of the opinion that the motion should GRANTED.

**BACKGROUND**

Plaintiff, Elena Funez, was employed by defendants as a salaried, non-managerial kitchen worker at the Les Givral's Kahve restaurant. Dkt. 1 at 2. Plaintiff regularly worked six days per week for 60 hours per week. *Id.* However, defendants did not pay plaintiff overtime at a rate of time and a half her hourly pay rate as required by law. *Id.* at 3. Instead, defendants paid plaintiff a flat, bi-monthly salary of $1,000 from May 1, 2009 to October 15, 2010 and $1,250 from October 16, 2010 to August 1, 2011. Dkt. 13, Ex. 3. Plaintiff alleges that defendants took these actions knowingly or recklessly. Dkt. 1 at 3.

On October 1, 2012, plaintiff filed suit against T. Q. Ely, Inc. ("T.Q. Ely"), Staci Tram Thi Le, and Francis Qui Minh Ly ("Minh Ly") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* for failure to pay plaintiff overtime wages. Dkt. 1. Plaintiff seeks to recover overtime wages, liquidated damages, attorneys' fees, costs, and post-judgment interest. *Id.* at 3-4.

Personal service was effected on T. Q. Ely on October 5, 2012. Dkt. 4. Minh Ly was served on February 6, 2013 by substituted service pursuant to this court's order. Dkt. 12. After service, defendant Staci Tram Thi Le was dismissed from this suit. Dkt. 9. As of this date, neither T. Q. Ely nor Minh Ly have appeared or answered in this suit. Now, plaintiff moves the court for entry of default judgment. Dkt. 13.

## ANALYSIS

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, entry of a default judgment is appropriate "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." FED. R. CIV. P. 55(a). Under Rule 5.5 of the Local Rules of the Southern District of Texas, a motion for default judgment must be served upon the defendant via certified mail, return receipt requested. S.D. TEX. L.R. 5.5.

Plaintiff properly served process on T.Q. Ely and Minh Ly on October 5, 2012 and February 6, 2013, respectively. Dkts. 4, 12. The summonses were addressed to the defendants and explained the consequences of not answering the complaint within twenty-one (21) days, pursuant to Federal Rule of Civil Procedure 12(a). *Id.* Defendants have not answered or otherwise made an appearance. Defendants are not believed to be a minor, incompetent, or on active duty in the military of the United States of America. *See* Dkt. 13, Ex. 1. Plaintiff properly served her motion for default judgment pursuant to Local Rule 5.5 by mailing such motion to defendants via U.S. Mail and U.S. certified mail, return receipt requested, at their last known addresses on June 28, 2013. Dkt. 13. Accordingly, defendants were properly served in this case both with process and with plaintiff's motion for default judgment.

Given defendants' failure to answer the complaint, the court has the authority to accept all well-pleaded facts in plaintiff's complaint as true and to award the relief sought by plaintiff in this action. *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Plaintiff seeks actual damages for her unpaid overtime wages pursuant to 29 U.S.C. § 216(b). Additionally, she seeks liquidated damages in the amount equal to her unpaid overtime wages pursuant to Section 216(b) because defendants' actions were knowingly unlawful. Finally, plaintiff seeks attorneys' fees, costs, and post-judgment interest. Specifically, plaintiff has shown $9,788.60 were not paid to her as overtime wages. *See* Dkt. 13 at 5, Ex.3. She has also presented evidence showing she has incurred attorneys' fees in the amount of $4,922.50 and costs in the amount of $682.00. *Id.* at Ex. 4.

The court finds that defendants' failure to answer or otherwise appear, within the time required by the Federal Rules, places them in default, and after reviewing the well-pleaded facts alleged in the complaint, entry of default and default judgment are warranted. The court, therefore, finds defendants T.Q. Ely and Minh Ly liable for unpaid overtime pay as requested in the plaintiff's motion for default judgment. The court also finds defendants liable for an equal amount of liquidated damages for their willful conduct, as established by the facts shown in the complaint.

Further, regarding attorneys' fees and costs, the FLSA provides that "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b); *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 n.7 (5th Cir. 2006). After reviewing plaintiff's counsel's declaration and supporting documents (Dkt. 13, Ex. 4), the court finds that plaintiff's requested fees and costs

are reasonable and necessary. Accordingly, the court will award plaintiff $4,922.50 in attorneys' fees and $682.00[1] in costs for a total fee award of $5,604.50.

## CONCLUSION

Plaintiff's motion for default judgment (Dkt. 13) is hereby **GRANTED**. The court will enter a separate final judgment consistent with this order.

It is so **ORDERED**.

Signed at Houston, Texas on September 17, 2013.

_____
Gray H. Miller
United States District Judge

---

[1] A district court may not award costs omitted from 28 U.S.C. § 1920. *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir.1993). Plaintiff has sought $78.34 in additional costs for courier expenses, legal research costs, and postage. The court denies such costs because they are not permitted under 28 U.S.C. § 1920. *Id.*; *see also Herkner v. Argo-Tech. Corp. Costa Mesa*, 2008 WL 2838115, *5 (S.D. Tex. 2008).